**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-00115-01-CR-W-GAF** |
| | ) | |
| **JERRY SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now pending before the Court is Defendant's Motion to Suppress Illegally Obtained Evidence (Doc. #67). Defendant requests that the Court suppress and prohibit the Government from introducing into evidence phencyclidine ("PCP") and a Glock 10 mm, model 20 pistol recovered during a warrantless search of Defendant's vehicle on May 12, 2010. Defendant asserts that these items were seized in violation of his rights pursuant to the Fourth Amendment to the United States Constitution.

On August 22, 2013, United States Magistrate Judge John T. Maughmer conducted an evidentiary hearing on Defendant's motion. On November 17, 2013, Judge Maughmer issued his Report and Recommendation (Doc. #90). On December 6, 2013, Defendant filed his Objections to Report and Recommendation (Doc. #98).

In Defendant's Objections to Report and Recommendation (Doc. #98), Defendant disputes Officer McKenney's testimony that when he first encountered the vehicle in question, the passenger window was down and he detected a strong odor emanating from the vehicle that he believed to be PCP. Defendant argues that the dash camera videotape from Officer McKenney's patrol car shows that the passenger window was not down as Officer McKenney

passed the vehicle. As a result, Defendant argues that Officer McKenney's testimony was not truthful and should not be accepted to support probable cause.

From the Court's review of the dash camera video, while it is not totally clear, there appears to be a reflection from street lights and/or lights from the patrol car, on the area of the passenger window that Officer McKenney testified was down. The reflection appears to indicate that at the time the image was captured, the window was at least partially up. Nonetheless, this does not mandate that Officer McKenney was not truthful.

Officer McKenney's testimony that he smelled PCP emanating from the vehicle was found to be credible at the suppression hearing by Judge Maughmer. The window dispute is part of that testimony, but even if the window was raised as Officer McKenney passed, that does not dictate, by itself, whether Officer McKenney's testimony as a whole is truthful or not.

This Court accepts and adopts the credibility findings of Judge Maughmer, as well as his legal conclusions. Officer McKenney was clear that he smelled PCP as he drove past the vehicle. His testimony supports probable cause to stop and search the vehicle.

Upon careful and independent review of the pending motion and suggestions in support thereof, Defendant's objections to the Magistrate's Report and Recommendation, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of United States Magistrate Judge John T. Maughmer.

Accordingly, it is hereby ORDERED that Defendant's Motion to Suppress Illegally Obtained Evidence (Doc. #67) is OVERRULED and DENIED.

SO ORDERED.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 9, 2013